# **<u>EXHIBIT A</u>**

| SUMMONS - CIVIL<br>JD-CV-1  Rev. 2-20<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;<br>P.B. §§ 3-1 through 3-21, 8-1, 10-13 | **For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA.** | STATE OF CONNECTICUT<br>**SUPERIOR COURT**<br>www.jud.ct.gov  |
|---|---|---|

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code)<br>95 Washington Street, Hartford, CT 06106 | Telephone number of clerk<br>( 860 ) 548 – 2700 | Return Date (Must be a Tuesday)<br>07/20/2021 |
|---|---|---|
| ☒ Judicial District     G.A.<br>☐ Housing Session  ☐ Number: ___ | At (City/Town)<br>Hartford | Case type code (See list on page 2)<br>Major: M     Minor: 90 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code)<br>**Livingston, Adler, Pulda, Meiklejohn & Kelly, PC, 557 Prospect Avenue, Hartford 06105-2922** | Juris number (if attorney or law firm)<br>**100758** |
|---|---|
| Telephone number<br>( 860 ) 233 – 9821 | Signature of plaintiff (if self-represented) |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.  ☒ Yes  ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (If agreed)<br>nmrothgeb@lapm.org |
|---|---|

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| **First plaintiff** | Name: **Guest, Cyndi**<br>Address: **15 Hayes Road, East Hampton, CT  06424** | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| **First defendant** | Name: **Connecticut Housing Finance Authority**<br>Address: **999 West Street, Rocky Hill, CT  06067** | D-01 |
| Additional defendant | Name:<br>Address: | D-02 |
| Additional defendant | Name:<br>Address: | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

### Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date<br>6/22/21 | Signed (Sign and select proper box)<br>[signature] | ☒ Commissioner of Superior Court<br>☐ Clerk | Name of person signing<br>**Nicole M. Rothgeb** |
|---|---|---|---|

If this summons is signed by a Clerk:
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

For Court Use Only
File Date

A TRUE COPY ATTEST:
ROBERT W. ARSENAULT
Connecticut State Marshal - Hartford County

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|

| Print Form | Page 1 of 2 | Reset Form |
|---|---|---|

**Instructions**

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.
4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.
5. Use this summons for the case type codes shown below.
   Do **not** use this summons for the following actions:
   (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)
   (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   (c) Applications for change of name
   (d) Probate appeals
   (e) Administrative appeals
   (f) Proceedings pertaining to arbitration
   (g) Summary Process (Eviction) actions
   (h) Entry and Detainer proceedings
   (i) Housing Code Enforcement actions

**Case Type Codes**

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|
| Contracts | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 50 | Uninsured/Underinsured Motorist Coverage |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 |
| | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| Housing | H 10 | Housing - Return of Security Deposit |
| | H 12 | Housing - Rent and/or Damages |
| | H 40 | Housing - Housing - Audita Querela/Injunction |
| | H 50 | Housing - Administrative Appeal |
| | H 60 | Housing - Municipal Enforcement |
| | H 90 | Housing - All Other |
| Miscellaneous | M 00 | Injunction |
| | M 10 | Receivership |
| | M 15 | Receivership for Abandoned/Blighted Property |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 70 | Municipal Ordinance and Regulation Enforcement |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 |
| | M 90 | All other |

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|
| Property | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 90 | All other |
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other<br>*Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |

RETURN DATE: JULY 20, 2021

| | | |
|---|---|---|
| CYNDI GUEST | : | SUPERIOR COURT |
|     PLAINTIFF | : | JD OF HARTFORD |
| v. | : | |
| CONNECTICUT HOUSING FINANCE AUTHORITY | : | |
|     DEFENDANT | : | JUNE 22, 2021 |

## COMPLAINT

1. Plaintiff Cyndi Guest ("Guest" or "plaintiff") is a citizen of Connecticut and resides in East Hampton, Connecticut.

2. Defendant Connecticut Housing Finance Authority ("CHFA") is a quasi-public agency established via Conn. Gen. Stat. §8-244 with a place of business located at 999 West Street, Rocky Hill, Connecticut.

3. CHFA employs more than 100 employees within Connecticut.

4. At times relevant to this Complaint, Guest was an employee of CHFA within the meaning of Title VII of the Civil Rights Act of 1964 as amended ("Title VII"), 42 U.S.C. §2000e(f) and 42 U.S.C. §2000e-2 *et seq.*, and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. §46a-51(9) and §46a-60 *et seq.*

5. At times relevant to this Complaint, CHFA was plaintiff's employer within the meaning of Title VII, 42 U.S.C. §2000e(b) and 42 U.S.C. §2000e-2 *et seq.*, and of CFEPA, Conn. Gen. Stat. §46a-51(10) and §46-60 *et seq.*

6. On June 5, 2019, and by amendment on June 10, 2019, Guest filed an administrative charge of discrimination against CHFA on the basis of gender/pregnancy and of retaliation ("Original CHRO Charge" (CHRO No. 1910554)) with the Connecticut Commission on Human Rights and Opportunities ("CHRO"). On or about January 30, 2020, and September 9, 2020, respectively, Guest filed additional charges of retaliation against CHFA with the CHRO ("Additional Retaliation Charge" (CHRO No. 2010353) and "Final Retaliation Charge" (CHRO No. 2110092), respectively). Each of these three charges was also dual-filed with the Equal Employment Opportunities Commission ("EEOC") (EEOC Nos. 16A-2019-01416, 16A-2020-00689, 16A-2020-01559, respectively).

7. Plaintiff received releases of jurisdiction from the CHRO with respect to each of her three administrative charges on March 30, 2021 (re the Original CHRO Charge and the Additional Retaliation Charge) and April 12, 2021 (re the Final Retaliation Charge).

8. Plaintiff received right to sue letters from the EEOC with respect to each of her three administrative charges on June 15, 2021.

9. Plaintiff has fulfilled all administrative prerequisites necessary to maintain this action.

## **FACTS**

10. Plaintiff is female.

11. Plaintiff was employed by CHFA from August 2011 until her employment was terminated on or about January 16, 2020.

12. Throughout her employment with CHFA, plaintiff was qualified for and performed the duties and responsibilities of her positions in a competent and satisfactory manner.

13. Plaintiff consistently received favorable reviews and merit increases during her employment.

14. Plaintiff was initially hired by CHFA as a bookkeeper, but she sought and was awarded promotions to Multifamily Mortgage Underwriting Analyst, Multifamily Development Officer 2, Multifamily Development Officer 3, and finally to Multifamily Development Officer 4.

15. Plaintiff was out of work on an approved pregnancy leave from approximately June 13, 2018 until January 18, 2019.

16. When plaintiff returned to work from pregnancy leave, a number of the duties that she had previously performed were reassigned to others. In addition, plaintiff was given different duties which she had not previously performed.

17. On or about January 22, 2019, plaintiff met with her new supervisor, Debbie Alter, and Jennifer Landau, who had been plaintiff's supervisor in 2018. During this meeting plaintiff's new assignments were discussed and Alter and Landau informed plaintiff that it was expected that plaintiff would take on more difficult assignments in the coming year.

3

18. On or about February 25, 2019, plaintiff received her annual evaluation which included a "needs improvement" rating in the category of "Self-development and self-aware (continually seeks to improve abilities relevant to job; seeks educational opportunities to expand his/her abilities; receives constructive criticism well)" – one of the metrics of the assessment.
19. Since she had been on pregnancy leave for half of the review period and had spent several weeks leading up to her leave preparing others to cover her duties, plaintiff felt this rating and criticism was unwarranted and also that it related to her pregnancy leave.
20. Following the review, plaintiff repeatedly sought explanation/reason for the "needs improvement" rating and eventually met with both Alter and Landau. During that meeting, plaintiff expressed concern over the "needs improvement" rating, including because she was not given any indication or feedback during 2018 that she so needed improvement.
21. At another meeting on or about March 8, 2019, with Alter only, plaintiff again expressed concern over this rating, and Alter told her that the basis for the low rating was because plaintiff did not show sufficient interest in learning new things in 2018.
22. On or about March 12, 2019, plaintiff submitted a detailed written response to her evaluation in which she continued to express concerns about the "needs improvement" rating she had received and that the deficiencies noted in the evaluation had never previously been brought to plaintiff's attention; noted concern over the fact that Alter, not Landau, had completed the evaluation

4

despite Alter not having been the supervisor during the period covered by the review; questioned and objected to the alleged reasons that had been offered, including that she had not seemed interested in taking on new tasks; and complained that the "needs improvement" rating was not reflective of her work and that she felt that she was being discriminated against for having taken pregnancy leave.

23. On March 22, 2019, plaintiff was issued a two (2) day unpaid suspension for an alleged violation of the employee handbook based upon plaintiff having used a company computer to email a document to her personal email.

24. On or about May 3, 2019, plaintiff was transferred to the single-family housing department and informed the transfer was due to an investigation by outside counsel into allegations related to properties owned by plaintiff's husband (Joey Guest).

25. Plaintiff's husband had previously applied for tax credits through CHFA's Housing Tax Credit Contribution Program ("HTCC") to rehabilitate low income housing in Hartford. Plaintiff previously disclosed to her then supervisor, Joseph Voccio, when her husband had submitted the application and Voccio informed plaintiff that CHFA's policies did not preclude her husband from applying for or receiving funding so long as she had no involvement in his application or the monitoring of his work.

26. The investigation by outside counsel was subsequently concluded with no action against plaintiff and she was cleared to return to her prior position in the multi-family housing department.

27. On June 5, 2019, and by amendment on June 10, 2019, plaintiff filed a charge with the CHRO alleging discrimination against CHFA on the basis of gender/pregnancy (including pregnancy leave) and of retaliation ("Original CHRO Charge" (CHRO No. 1910554)).
28. CHFA was made aware of the Original CHRO Charge on or about July 19, 2019.
29. On October 4, 2019, CHFA filed a lawsuit in Connecticut Superior Court against plaintiff's husband, Joey Guest, alleging breach of contract, misappropriation of funds and Connecticut Unfair Trade Practices Act claims against him and his company, J.G. Solutions (Case No. HHD-CV19-6118122-S). At that time plaintiff was not named as a defendant in that lawsuit.
30. On or about November 1, 2019, plaintiff applied for a lateral position with CHFA as a Loan Servicing Officer 3.
31. Although the posting listed November 1, 2019 as the closing deadline for applications, in early November 2019 CHFA subsequently reposted and reopened this position to allow additional applicants to apply.
32. CHFA only interviewed plaintiff and one (1) other applicant, an external candidate who had never worked for CHFA, for the Loan Servicing Officer 3 position.
33. On December 4, 2019, CHFA notified plaintiff that she was not selected for the Loan Servicing Officer 3 position and that it was offered to another candidate "whose qualifications more closely met the requirements for the position".
34. On December 17, 2019, the plaintiff participated in a mandatory mediation of plaintiff's Original CHRO Charge conducted by the CHRO.

35. On December 30, 2019, plaintiff learned that CHFA had initiated a complaint and/or investigation with the Connecticut Office of State Ethics against her.

36. On January 15, 2020, CHFA notified plaintiff that she was to appear for a pre-disciplinary meeting the following day because CHFA was considering termination of her employment based upon alleged violations of CHFA policy including related to "Ethics and Conflict of Interest" for alleged misconduct in connection with her role in the HTTC and the administration of the tax credit award to plaintiff's husband.

37. Plaintiff attended the pre-disciplinary meeting on January 16, 2020. During this meeting, plaintiff was presented with details of her husband having transferred funds from his business account to the account that the couple utilized for household bills and expenses. Plaintiff explained this was consistent with the couple's longstanding procedures for handling family finances and that typically used the funds in this account for family and joint expenses.

38. At no time prior to the January 16, 2020 meeting was plaintiff ever directed by CHFA to separate her funds from her husband's based upon his receipt of the HTTC tax credit award.

39. Upon arriving for work on January 17, 2020, plaintiff was presented with a termination letter dated January 16, 2020. The stated reason for plaintiff's termination was the alleged violation of CHFA policy including related to "Ethics and Conflict of Interest" for alleged misconduct in connection with her role in the HTTC and the administration of the tax credit award to plaintiff's husband.

7

40. On January 30, 2020, plaintiff filed her second CHRO charge ("Additional Retaliation Charge" (CHRO No. 2010353), alleging further acts of retaliation, *inter alia* that CHFA's failure to hire her for the lateral position and the termination of her employment were in retaliation for the filing of her Original CHRO Charge.

41. CHFA was made aware of the Additional Retaliation Charge on or about February 28, 2020.

42. On March 30, 2020, CHFA filed a motion in the Joey Guest Lawsuit to amend the operative complaint and to add plaintiff as an additional defendant in that case asserting a claim for alleged violation of the Connecticut Uniform Fraudulent Transfer Act against plaintiff. That motion was granted on May 4, 2020, and plaintiff was served in that Joey Guest Lawsuit on May 12, 2020.

43. On August 26, 2020, the Connecticut Office of State Ethics notified plaintiff – and on information and belief CHFA, that it had concluded its evaluation of the complaint and/or investigation that CHFA had initiated against plaintiff and "found insufficient probable cause for the issuance of a formal complaint" and it therefore closed the file on the matter.

44. On September 9, 2020, plaintiff filed her third CHRO charge ("Final Retaliation Charge" (CHRO No. 2110092), alleging further acts of retaliation, *inter alia* that CHFA's actions in suing plaintiff as an additional defendant in the Joey Guest Lawsuit was in retaliation for her prior protected activity, including the filing of her Original CHRO Charge and her Additional Retaliation Charge.

45. CHFA was made aware of the Final Retaliation Charge on or about October 9, 2020.

## **COUNT ONE: DISCRIMINATION IN VIOLATION OF TITLE VII**

46. Plaintiff hereby repeats, realleges and incorporates paragraphs 1-45 above.

47. CHFA's stated reasons for reassigning plaintiff's duties to others during and/or following her pregnancy leave and/or assigning plaintiff new duties upon her return from her pregnancy leave in January 2019 are false and pretextual.

48. CHFA's actions in reassigning plaintiff's duties to others during and/or following her pregnancy leave and/or in assigning plaintiff new duties upon her return from her pregnancy leave in January 2019 were motivated by her gender and/or her pregnancy leave.

49. CHFA's stated reasons for issuing plaintiff a "needs improvement" rating as part of her annual evaluation on or about February 25, 2019 are false and pretextual.

50. CHFA's actions in issuing plaintiff a "needs improvement" rating as part of her annual evaluation on or about February 25, 2019 were motivated by her gender and/or her pregnancy leave.

51. CHFA's stated reasons for suspending plaintiff in March 2019 are false and pretextual.

52. CHFA's actions in suspending plaintiff in March 2019 were motivated by her gender and/or her pregnancy leave.

53. By the conduct described in this count, defendant has discriminated against plaintiff in violation of the rights secured to her by Title VII, 42 U.S.C. §2000e-2, *et seq.*

54. Defendant engaged in the above discriminatory conduct with malice or with reckless indifference to plaintiff's federally protected rights.

9

55. As a result of defendant's unlawful conduct, plaintiff has suffered and continues to suffer, lost compensation and other rights, privileges and conditions of employment, damage to her professional reputation, pain and suffering, anxiety, humiliation, shame and other emotional distress.

**COUNT TWO: DISCRIMINATION IN VIOLATION OF CFEPA**

56. Plaintiff hereby repeats, realleges and incorporates paragraphs 1-55 above.

57. CHFA's stated reasons for reassigning plaintiff's duties to others during and/or following her pregnancy leave and/or assigning plaintiff new duties upon her return from her pregnancy leave in January 2019 are false and pretextual.

58. CHFA's actions in reassigning plaintiff's duties to others during and/or following her pregnancy leave and/or in assigning plaintiff new duties upon her return from her pregnancy leave in January 2019 were motivated by her gender and/or her pregnancy leave.

59. CHFA's stated reasons for issuing plaintiff a "needs improvement" rating as part of her annual evaluation on or about February 25, 2019 are false and pretextual.

60. CHFA's actions in issuing plaintiff a "needs improvement" rating as part of her annual evaluation on or about February 25, 2019 were motivated by her gender and/or her pregnancy leave.

61. CHFA's stated reasons for suspending plaintiff in March 2019 are false and pretextual.

62. CHFA's actions in suspending plaintiff in March 2019 were motivated by her gender and/or her pregnancy leave.

10

63. By the conduct described in this count, defendant has discriminated against plaintiff in violation of the rights secured to her by CFEPA, Conn. Gen. Stat. §46a-60 *et seq.*

64. Defendant engaged in the above discriminatory conduct with malice or with reckless indifference to plaintiff's statutorily protected rights.

65. As a result of defendant's unlawful conduct, plaintiff has suffered and continues to suffer lost compensation and other rights, privileges and conditions of employment, damage to her professional reputation, pain and suffering, anxiety, humiliation, shame and other emotional distress.

## COUNT THREE:  RETALIATION IN VIOLATION OF TITLE VII

66. Plaintiff hereby repeats, realleges and incorporates paragraphs 1-65 above.

67. By the acts and conduct described in paragraphs 20-22, 27, 34, 40 and 44 above, plaintiff has engaged in protected activity by opposing/objecting to/complaining about actions/conduct by CHFA that she believed constituted gender/pregnancy gender/pregnancy discrimination and/or that she believed were retaliatory for having opposed/objected to/complained about suspected discriminatory actions/conduct by CHFA.

68. CHFA was aware plaintiff has engaged in protected activity as described in the preceding paragraph.

69. CHFA's stated reasons for suspending plaintiff in March 2019 are false and pretextual.

70. CHFA's actions in suspending plaintiff in March 2019 were retaliatory insofar as they were motivated by her protected activity as described in this count.

11

71. CHFA's stated reasons for not hiring plaintiff in December 2019 for the Loan Servicing 3 Officer position and instead hiring the external applicant are false and pretextual.

72. CHFA's actions in not hiring plaintiff in December 2019 for the Loan Servicing Officer 3 position and instead hiring the external applicant were retaliatory insofar as they were motivated by her protected activity as described in this count.

73. CHFA's stated reasons for initiating a complaint and/or investigation with the Connecticut Office of State Ethics against plaintiff in or about December 2019 are false and pretextual.

74. CHFA's actions in initiating a complaint and/or investigation with the Connecticut Office of State Ethics against plaintiff in or about December 2019 were retaliatory insofar as they were motivated by her protected activity as described in this count.

75. CHFA's stated reasons for terminating plaintiff's employment on or about January 16, 2020 are false and pretextual.

76. CHFA's actions in terminating plaintiff's employment on or about January 16, 2020 were retaliatory insofar as they were motivated by her protected activity as described in this count.

77. CHFA's stated reasons for suing plaintiff as an additional defendant in the Joey Guest Lawsuit are false and pretextual.

78. CHFA's actions in suing plaintiff as an additional defendant in the Joey Guest Lawsuit were retaliatory insofar as they were motivated by her protected activity as described in this count.

79. By the conduct described in this count, defendant has retaliated against plaintiff in violation of the rights secured to her by Title VII, 42 U.S.C. §2000e-2, *et seq.*

80. Defendant engaged in the above retaliatory conduct with malice or with reckless indifference to plaintiff's federally protected rights.

81. As a result of defendant's unlawful conduct, plaintiff has suffered and continues to suffer a loss of employment, lost compensation, seniority and fringe benefits, and other rights, privileges and conditions of employment, an interruption of her career, economic losses and expenses including for attorneys' fees in connection with the Joey Guest Lawsuit, damage to her professional reputation, pain and suffering, anxiety, humiliation, shame and other emotional distress.

## **COUNT FOUR: RETALIATION IN VIOLATION OF CFEPA**

82. Plaintiff hereby repeats, realleges and incorporates paragraphs 1-81 above.

83. By the acts and conduct described in paragraphs 20-22, 27, 34, 40, and 44 above, plaintiff has engaged in protected activity by opposing/objecting to/complaining about actions/conduct by CHFA that she believed constituted gender/pregnancy gender/pregnancy discrimination and/or that she believed were retaliatory for having opposed/objected to/complained about suspected discriminatory actions/conduct by CHFA.

84. CHFA was aware plaintiff has engaged in protected activity as described in the preceding paragraph.

85. CHFA's stated reasons for suspending plaintiff in March 2019 are false and pretextual.

86. CHFA's actions in suspending plaintiff in March 2019 were retaliatory insofar as they were motivated by her protected activity as described in this count.
87. CHFA's stated reasons for not hiring plaintiff in December 2019 for the Loan Servicing 3 Officer position and instead hiring the external applicant are false and pretextual.
88. CHFA's actions in not hiring plaintiff in December 2019 for the Loan Servicing Officer 3 position and instead hiring the external applicant were retaliatory insofar as they were motivated by her protected activity as described in this count.
89. CHFA's stated reasons for initiating a complaint and/or investigation with the Connecticut Office of State Ethics against plaintiff in or about December 2019 are false and pretextual.
90. CHFA's actions in initiating a complaint and/or investigation with the Connecticut Office of State Ethics against plaintiff in or about December 2019 were retaliatory insofar as they were motivated by her protected activity as described in this count.
91. CHFA's stated reasons for terminating plaintiff's employment on or about January 16, 2020 are false and pretextual.
92. CHFA's actions in terminating plaintiff's employment on or about January 16, 2020 were retaliatory insofar as they were motivated by her protected activity as described in this count.
93. CHFA's stated reasons for suing plaintiff as an additional defendant in the Joey Guest Lawsuit are false and pretextual.

94. CHFA's actions in suing plaintiff as an additional defendant in the Joey Guest Lawsuit were retaliatory insofar as they were motivated by her protected activity as described in this count.
95. By the conduct described in this count, defendant has retaliated against plaintiff in violation of the rights secured to her by Conn. Gen. Stat. §46a-60 *et seq.*
96. Defendant engaged in the above retaliatory conduct with malice or with reckless indifference to plaintiff's statutorily protected rights.
97. As a result of defendant's unlawful conduct, plaintiff has suffered and continues to suffer a loss of employment, lost compensation, seniority and fringe benefits, and other rights, privileges and conditions of employment, an interruption of her career, economic losses and expenses including for attorneys' fees in connection with the Joey Guest Lawsuit, damage to her professional reputation, pain and suffering, anxiety, humiliation, shame and other emotional distress.

## **DEMAND FOR RELIEF**

WHEREFORE, plaintiff Cyndi Guest respectfully requests that this Court grant her the following relief:

1. Order the defendant to immediately reinstate the plaintiff to the position that she would have been in, or a substantially similar position, absent the defendant's discriminatory and retaliatory treatment;

2. Award the plaintiff lost compensation, seniority and fringe benefits of employment;

3. Award the plaintiff economic losses, including for attorneys' fees and/or expenses incurred in connection with the Joey Guest Lawsuit;

4. Award the plaintiff compensatory damages, including for the interruption of her career, damage to her professional reputation, and for pain, suffering, anxiety, humiliation and shame;

5. Award the plaintiff punitive damages;

6. Award the plaintiff reasonable attorneys' fees, costs and interest; and

7. Award the plaintiff all other legal and/or equitable relief that the Court deems just and proper.

RESPECTFULLY SUBMITTED
THE PLAINTIFF,

By: _____
Nicole M. Rothgeb
Gregg D. Adler
Livingston, Adler, Pulda, Meiklejohn
    & Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105-2922
(860) 233-9821
Juris No. 100758
nmrothgeb@lapm.org
gdadler@lapmk.org

17

A TRUE COPY ATTEST:
ROBERT W. ARSENAULT
Connecticut State Marshal - Hartford County
Indifferent Person